

**FILED**

**JUN 1 3 2014**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEVEN NEWMAN,          ) | |
| )                         | |
| Plaintiff,             ) | |
| )                         | Case: 1:14-cv-01011 |
| v.                     ) | Assigned To : Leon, Richard J. |
| )                         | Assign. Date : 6/13/2014 |
| DISTRICT OF COLUMBIA COURTS  ) | Description: Employ. Discrim. |
| )                         | |
| and                    ) | |
| )                         | |
| THE DISTRICT OF COLUMBIA   ) | |
| )                         | |
| Defendants.            ) | |

JURY DEMAND

### COMPLAINT

Plaintiff Steven Newman, by and through counsel, brings this action against Defendants for violations of the Age Discrimination in Employment Act (ADEA) of 1967, as amended; the Older Workers Benefit Protection Act (OWBPA) of 1990, as amended; and the Civil Rights Act of 1991, as amended; and states as follows:

### PARTIES

1. At all times relevant hereto, Plaintiff Steven Newman has been and is a citizen of the United States, and who while employed with Defendants, worked in the District of Columbia for the vast majority of his career.

2. At all times relevant hereto, Mr. Newman was an "employee" as that term is defined in 42 U.S.C. Section 2000e as well as a "person aggrieved" as set forth in 29 U.S.C. Section 630(a) and 29 U.S.C. Section 626( c).

1

3. Defendant District of Columbia Courts ("DCC") upon information and belief manages the day-to-day operations of the District of Columbia Superior Court and the District of Columbia Court of Appeals, including but not limited to employee and labor relations of the entities and related departments. Upon information and belief, Defendant DCC is a subdivision of Defendant District of Columbia. Upon information and belief, Defendant DCC receives goods and services in interstate commerce, including the District of Columbia metropolitan area.

4. Defendant District of Columbia ("DOC") upon information and belief directly and/or indirectly manages and controls Defendant DCC, one of its subdivisions. Upon information and belief, Defendant DCC receives goods and services in interstate commerce, including the District of Columbia metropolitan area.

5. Individually and/or collectively, Defendants have employed 20 or more employees in each of 20 or more calendar workweeks in the current or proceeding calendar year and has been and is engaged in commerce and its business activities affect commerce.

6. At all times relevant hereto, Defendants, individually and/or collectively, have been and are "employer[s]" engaged in an "industry affecting commerce" as those terms are defined in 29 U.S.C. Section 630(b); 42 U.S.C. Section 2000e.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Section 621, et seq., as amended; the Civil Rights Act of 1991, 42 U.S.C. Section 2000e, et seq., as amended; and the Older Workers Benefit Protection Act (OWBPA) 29 U.S.C. Section 621, et seq., as amended, 104 Stat. 978; and 28 U.S.C. Section 1331.

8. Venue is proper in this District because Defendants' business offices are located in this district, and because the acts and omissions giving rise to the action occurred in this district.

9. This Court has personal jurisdiction over Defendants because they conduct business in the District of Columbia and the claims arose in the District of Columbia. 28 U.S.C. Section 1392(a).

## THE GRAVAMEN OF THE COMPLAINT

10. Plaintiff Steven Newman is 65 years old; at the time Defendants forced him to sign a "Settle Agreement and Release" in 2011, he was 62 years old, and his employment ended in 2013. Mr. Newman was a Senior Manager, Financial (CS 14, Step 10). During his employment with Defendants, he received increases in responsibility and pay associated with his position over the 25 years he worked for them. His employment evaluation over the years have consistently been average or above average. His most recent employment evaluation in 2011 was "Exceeds Expectations" which was the second highest rating on the scale for job evaluations by Defendant DCC at that time.

11. In or about late spring/early summer 2011, Mr. Newman received the "Exceeds Expectations" rating mentioned above. In late June 2011, his immediate supervisor, Dana Friend, said to him: "You're not doing anything. For the same money you're being paid, I could get two lower level positions with younger people." Mr. Newman was stunned to be told this by his supervisor. Mr. Friend's claim that he "was not doing anything" was false. Soon after the incident, Mr. Friend placed Mr. Newman on a Performance Improvement Plan (PIP) without giving Mr. Newman specific reasons for doing so. Under the PIP, Mr. Friend directed Mr.

3

Newman to do one main assignment: write a manual containing job descriptions for employees at

District of Columbia Courts. Subsequently, as a preliminary step, Mr. Newman turned in an

outline for the manual to Mr. Friend. (Also, he completed and turned in two minor tasks.) In

response, Mr. Friend falsely claimed that Mr. Newman turned in the manual "late" even though

he never gave the latter any deadline or guidelines to complete the project. In addition, Mr.

Friend asserted what Mr. Newman turned in was "totally unacceptable" without saying why.

There was no basis for the PIP whatsoever, and it was a pretext in an effort by Defendant DCC to

falsely create something negative about Mr. Newman.

  12. In or about mid October 2011, GLORIA TROTMAN (Director of Human Resource

Division) and DAVID LAURIA, ESQUIRE (the District of Columbia Courts' Human Resources

Attorney who is also a law school professor) called Mr. Newman in and shoved a two page

document entitled: "Settle Agreement and Release" across the table to Mr. Newman along with a

pen. They pressured Mr. Newman to sign the document right then and there, and threatened me

with termination if he did not sign it. Mr. Newman was shocked that he was being forced to sign

an agreement and threatened with discharge if he did not do so. Mr. Newman told them that he

at least needed to look at the document, and only then did they say he could have five (5) days to

consider it. On October 20, 2011, under the threat of being fired, Mr. Newman signed the

agreement and turned it in to District of Columbia Courts Human Resources. If Mr. Newman

had been properly afforded his rights under the ADEA and OWBPA, he never would have signed

the agreement, and he would have filed a charge of discrimination to protest the discriminatory

actions taken against him by Defendant DCC during late June through the fall of 2011. Among

other things, the agreement dictated that Mr. Newman was being temporarily assigned to the U.S.

4

Marshalls' Service. Defendant DCC attorney, DAVID LAURIA, said to Mr. Newman: "We
[District of Columbia Courts] hope you get a job with the Marshalls." Mr. Newman started the
temporary assignment in late October 2011 at a U.S. Marshalls' facility in Crystal City,
Arlington, Virginia. The agreement did not provide for continuing employment for Mr. Newman
after the temporary assignment ended in late October 2013. At that time, Defendant DCC
attorney LAURIA and Human Resources Director Trotman told Mr. Newman that he would have
no choice but to resign, retire, apply for a new job, or be fired (for the false claims which
Defendant DCC had created against him). In July 2013, Mr. Newman had no choice but to
resign and retire from employment with Defendants because if he had not done so, Defendants
would have fired him, and he would have lost significant retirement healthcare premium
payments and/or other benefits and/or compensation.

13. Defendants took the above actions, and others, in whole or in part, because they
discriminated against Mr. Newman on the basis of age, in violations of the Age Discrimination in
Employment Act (ADEA) of 1967, as amended; the Older Workers Benefit Protection Act
(OWBPA) of 1990, as amended; and the Civil Rights Act of 1991, as amended. Defendants'
wrongful and illegal actions constituted an overall, continuing pattern of discriminatory and/or
retaliatory conduct directed at and against Mr. Newman.

14. Defendants' discriminatory and/or retaliatory actions described herein were wilful,
wanton, and malicious in clear derogation of Plaintiff's federally protected rights and were
calculated to cause harm. At the very minimum, Defendants' discriminatory and/or retaliatory
practices were taken with reckless indifference to Plaintiff's federally protected rights.

15. On or about August 10, 2012, Mr. Newman filed a Charge of Discrimination with the

5

U.S. Equal Employment Opportunity Commission (EEOC).

15. On September 10, 2013, the U.S. EEOC issued a Determination Letter in Mr. Newman's

favor, and then the EEOC commenced in a protracted conciliation process which did not result in

a three-way settlement.

16. Plaintiff has complied with the necessary steps related to the filing and processing of

a charge of discrimination prior to filing this Complaint in federal court.

## COUNT I
## AGE DISCRIMINATION
### (29 U.S.C. Section 621, et seq.)

17. Paragraphs 1 through 16 above are incorporated herein by reference.

18. Plaintiff Steven Newman belong to a protected class, that of an employee 40 years of

age or older. 29 U.S.C. Section 631(a).

19. Despite Mr. Newman's satisfactory or better work performance for nearly 23 years,

Defendants made age-related derogatory statements, disciplined Mr. Newman by imposing a

baseless performance improvement plan and then forced him to sign a "Settle Agreement and

Release" on the pain of being fired.  The agreement itself and/or forcing Mr. Newman to sign it,

violated the ADEA and/or the OWBPA in at least four ways: it waived his rights or claims after

the date of the waiver/agreement; he received nothing in addition to anything of value to which

he was already entitled; he was not given a period of at least 21 days to consider the agreement;

and he was not afforded 7 days following the execution of the agreement to revoke it. These

actions and others set forth above by Defendants were motivated solely, or in part, by the fact

that Mr. Newman was over 40 years of age.

20.  Defendants' actions thereby violated ADEA, 29 U.S.C. Section 623(a); OWBPA, Title II, Section 201.

21.  As a direct and proximate cause of Defendants' illegal actions, Mr. Newman has bee injured and damaged in, but not limited to, the following manner: inconvenience, termination from employment; denial of bonuses; denial of back pay and front pay; lost retirement years of service; loss of retirement and/or pension amounts; future pecuniary losses; embarrassment, humiliation, emotional distress; pain and suffering, past present and future; out-of-pocket medical expenses; and the costs and expenses incurred in bringing this action, including but not limited to, attorneys' fees and expert witness fees.

## RELIEF REQUESTED

22.  Paragraphs 1 thorough 21 above are incorporated herein by reference.

23.  For the foregoing reasons, and pursuant to Age Discrimination in Employment Act (ADEA), 29 U.S.C. Section 626( c ), as amended; the Civil Rights Act of 1991, 42 U.S.C. Section 2000e, et seq., as amended; and the Older Workers Benefit Protection Act (OWBPA) 29 U.S.C. Section 621, et seq., 104 Stat. 978, as amended, Plaintiff Newman respectfully requests that the Court enter an Order granting the following relief:

(a) a permanent injunction enjoining Defendants from engaging in the unlawful employment actions and practices set forth and described herein;

(b) rescind the October 20, 2011 Settle Agreement and Release and rule that this agreement is void ab initio;

( c ) reinstatement to his former position;

7

(d) any and all back pay and/or front pay;

(e) any and all promotions, bonuses, pay raises or increase, COLAS, profit

sharing, etc., to which he would have been entitled but for Defendants' illegal actions, including

the termination of his employment;

(f) any and all out-of-pocket expenses for health, dental, and vision care;

(g) restoration of health, dental and vision care;

(h) any and all lost retirement and/or pension benefits, including but not limited to

employer contributions;

(i) lost seniority;

(j) compensatory and punitive damages in the total amount of $300,000;

(k) the costs and expenses incurred in bringing this action, including but not

limited to, attorneys' fees and expert witness fees;

(l) the correction of Mr. Newman's employment records to remove the

performance improvement plan (PIP);

(m) prejudgment and post-judgment interest; and

(n) such other relief the Court deems just and proper.


**JURY DEMANDED**

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully Submitted,
STEVEN NEWMAN,
By Counsel

8

s/ *Martin P. Hogan, Esq.*
 DC Bar # 442572
Hogan & Pritchard, PLLC
11350 Random Hills Road, Suite 800
Fairfax, VA 22030
(703) 352-7034 Office Phone
(703) 591-3049 Office Fax
mphoganlaw@msn.com